**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALONZO SNEED,**

      **Plaintiff,**

                                        **CASE NO.:**

**v.**

**COLUMBIA RESTAURANT PROPERTIES**
**D/B/A U-Le-Le,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **ALONZO SNEED**, by and through undersigned counsel, brings this action against Defendant, **COLUMBIA RESTAURANT PROPERTIES D/B/A U-LE-LE**, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq.

2. Venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Hillsborough County.

## PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4.      Defendant operates a restaurant in Tampa, Florida, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII, ADA, and ADEA.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and ADA.

10.     At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

## FACTS

11.     Plaintiff began working for Defendant in or around December 2022 as a dishwasher working in the back of the house. Plaintiff remained employed by Defendant until Defendant terminated his employment on November 2, 2025.

12.     Plaintiff is an African American male aged 67 years old at the time of his termination.

13.     As an African American individual, Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992 ("FCRA").

14.    As an individual over the age of forty (40), Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967 ("ADEA") and the FCRA.

15.    Throughout his employment, Plaintiff satisfactorily performed the duties of his position and met Defendant's legitimate performance expectations. Plaintiff was qualified to perform the essential functions of his position.

16.    During his employment, Plaintiff suffered from high blood pressure, a physical condition that substantially limited one or more major life activities. Plaintiff continues to suffer from high blood pressure. Defendant, including Defendant's General Manager, Mike Quatk, knew about and regarded Plaintiff as having a physical impairment requiring medication.

17.    At all times material hereto, Plaintiff was able to perform the essential functions of his position with or without reasonable accommodation.

18.    Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA") and the FCRA.

19.    Plaintiff never received a written warning or verbal reprimand. Defendant recognized Plaintiff's work performance during his employment. Plaintiff received two positive letters of recognition from Defendant.

20.    Defendant maintained a workplace practice in which employees worked through their shifts without lunch breaks and maintained a no-smoking policy on its premises.

21.     Younger employees regularly exited the building during their shifts. Employees regularly smoked vape pens and electronic cigarettes outside the back door on Defendant's property. White employees regularly smoked vape pens and electronic cigarettes on Defendant's property. Hispanic employees regularly smoked vape pens and electronic cigarettes on Defendant's property.

22.     Defendant did not discipline younger employees for smoking vape pens and electronic cigarettes on company property. Defendant did not discipline white employees for smoking vape pens and electronic cigarettes on company property. Defendant did not discipline Hispanic employees for smoking vape pens and electronic cigarettes on company property.

23.     Plaintiff was significantly older than nearly all employees working around him.

24.     In or around May or June 2025, Plaintiff had trouble entering Defendant's parking area because his parking sticker failed to operate properly. General Manager Mike Quatk manually opened the gate and permitted Plaintiff to enter the property. During that incident, General Manager Mike Quatk made a racially charged comment stating to Plaintiff, "I have to let one of my inmates in." Plaintiff was offended by the comment.

25.     During his employment, Plaintiff periodically needed access to medication for his high blood pressure condition. Plaintiff had previously gone to his vehicle on numerous occasions to retrieve medication. Defendant had previously permitted Plaintiff to go to his vehicle.

4

26.     On November 2, 2025, Plaintiff experienced symptoms associated with his high blood pressure condition while at work. Plaintiff's head hurt and he needed his blood pressure medication immediately which was located in his vehicle.

27.     No supervisor was in Plaintiff's immediate area from whom he could obtain permission to go to his vehicle. Because Plaintiff needed his medication immediately, Plaintiff left the building and went to his vehicle.

28.     At the time Plaintiff went to his vehicle, he had a cigarette in his hand. The cigarette was not lit. Plaintiff did not smoke the cigarette. Plaintiff did not light the cigarette. Plaintiff complied with Defendant's no-smoking policy while on company property.

29.     While Plaintiff was outside retrieving his medication, General Manager Mike Quatk, who is white and younger than Plaintiff, observed Plaintiff. General Manager Mike Quatk approached Plaintiff and asked him what he was doing. Plaintiff informed Mike Quatk that he had gone to retrieve his blood pressure medication and that the cigarette in his hand was not lit.

30.     Plaintiff emphasized that he was not smoking. Defendant therefore knew Plaintiff had gone to his vehicle because he needed medication for his known blood pressure condition.

31.     Defendant directed Plaintiff into the office with Chef Mike Quik and accused Plaintiff of smoking on company property. Defendant did not observe Plaintiff smoking. Defendant did not observe Plaintiff lighting a cigarette. Defendant relied upon the fact that Plaintiff possessed an unlit cigarette while on company property. Defendant

5

terminated Plaintiff's employment during the meeting. Plaintiff was informed that he was being terminated for leaving the building and smoking on company property.

32.    Defendant terminated Plaintiff immediately after learning that Plaintiff had gone to retrieve medication for his blood pressure condition despite knowing that he required medication for his known medical condition, despite knowing that the cigarette in his hand was not lit, and despite his explanation that he had gone to retrieve blood pressure medication.

33.    Defendant terminated Plaintiff despite routinely allowing younger employees to smoke vape pens and electronic cigarettes on company property without discipline, despite routinely allowing white employees to smoke vape pens and electronic cigarettes on company property without discipline, and despite routinely allowing Hispanic employees to smoke vape pens and electronic cigarettes on company property without discipline.

34.    Defendant failed to engage in any interactive process regarding Plaintiff's need to obtain medication for his blood pressure condition. Defendant failed to discuss any accommodation that would allow Plaintiff access to necessary medication while working. Defendant denied Plaintiff the ability to address his disability-related medical needs while at work.

35.    Defendant interfered with Plaintiff's exercise and enjoyment of rights protected by the ADA by terminating him after he sought access to medication required for his known disability.

6

36.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA and FCRA by seeking disability-related medication and informing management that he needed the medication because of his blood pressure condition.

37.    Plaintiff was one of the oldest employees in the workplace. Defendant treated younger employees more favorably than Plaintiff by permitting them to smoke vape pens and electronic cigarettes on company property without discipline while terminating Plaintiff.

38.    Defendant treated white and Hispanic employees more favorably than Plaintiff by permitting them to smoke vape pens and electronic cigarettes on company property without discipline while terminating Plaintiff.

39.    Defendant's stated reason for terminating Plaintiff was inconsistent with Plaintiff's conduct because Plaintiff did not smoke on company property.

40.    Defendant terminated Plaintiff on November 2, 2025, because of his disability, because of his age, and because of his race, and in retaliation for exercising rights protected by the ADA and FCRA.

41.    Defendant's actions violated the ADA, the ADEA, Title VII, and the FCRA.

42.    As a direct result of Defendant's conduct, Plaintiff suffered loss of employment, loss of wages and benefits, emotional distress, humiliation, embarrassment, and other damages.

<u>**COUNT I – TITLE VII VIOLATION**</u>
**(RACE DISCRIMINATION)**

43.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 13, 15, 19 through 22, 24, 28 through 33, and 38 through 42 of this Complaint, as though fully set forth herein.

44.    Plaintiff is a member of a protected class under Title VII.

45.    Plaintiff was subjected to disparate treatment on the basis of his race.

46.    Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

47.    Defendant's actions were willful and done with malice.

48.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of Title VII by Defendant;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Any other compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained.

i)    All costs and attorney's fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

49.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 13, 15, 19, 20, 22, 28 through 33, 38 through 42 of this Complaint, as though fully set forth herein.

50.    Plaintiff is a member of a protected class under Title VII.

51.    Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

52.    Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

53.    Defendant's actions were willful and done with malice.

54.    In, Defendant took material adverse action against Plaintiff.

55.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

9

c)    That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d)    That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)    Compensation for lost wages, benefits, and other remuneration;

f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)    Front pay;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

<u>**COUNT III – ADA VIOLATION**</u>
**(DISABILITY DISCRIMINATION)**

56.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 11, 15 through 20, 25 through 35, and 39 through 42 of this Complaint, as though fully set forth herein.

57.    Plaintiff is a member of a protected class under the ADA.

10

58.　Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

59.　Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

60.　Defendant's actions were willful and done with malice.

61.　Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

k)　A jury trial on all issues so triable;

l)　That process issue and that this Court take jurisdiction over the case;

m)　That this Court enter an injunction restraining continued violation of the ADA;

n)　Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

o)　Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

p)　Reinstatement of Plaintiff's full fringe benefits and seniority rights;

q)　Any other compensatory damages, including emotional distress, allowable at law;

11

r)      Punitive damages;

s)      Prejudgment interest on all monetary recovery obtained.

t)      All costs and attorney's fees incurred in prosecuting these claims; and

u)      For such further relief as this Court deems just and equitable.

## COUNT IV – ADA RETALIATION

32.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 11, 15 through 20, 28 through 36, and 39 through 42 of this Complaint, as though fully set forth herein.

33.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34.    Plaintiff engaged in protected activity under the ADA by requiring and requesting an accommodation for his disability needing to retrieve his medication from his vehicle while at work.

35.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

36.    Defendant's actions were willful and done with malice.

37.    The adverse employment action that Defendant took against Plaintiff was material.

38.    Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

12

m)   A jury trial on all issues so triable;

n)   That process issue and that this Court take jurisdiction over the case;

o)   That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

p)   That this Court enter an injunction restraining continued violation of the ADA;

q)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

r)   Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

s)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

t)   Any other compensatory damages, including emotional distress, allowable at law;

u)   Punitive damages;

v)   Prejudgment interest on all monetary recovery obtained.

w)   All costs and attorney's fees incurred in prosecuting these claims; and

x)   For such further relief as this Court deems just and equitable.

## COUNT V – ADEA VIOLATION

13

62.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 12, 14, 15, 19 through 23, 28 through 33, 37, and 39 through 42 of this Complaint, as though fully set forth herein.

63.     As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

64.     Plaintiff was subjected to disparate treatment based on his age.

65.     Defendant's actions were willful and done with malice.

66.     Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of the ADEA;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to his prior position with back pay plus interest, or in the alternative, front pay;

f)     Liquidated damages in an amount equal to Plaintiff's total damages;

g)     Prejudgment interest on all monetary recovery obtained.

h)     All costs and attorney's fees incurred in prosecuting these claims; and

i)     For such further relief as this Court deems just and equitable.

## COUNT VI – ADEA RETALIATION

14

67.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 12, 14, 15, 19, 20, 22, 23, 28 through 33, 37, and 39 through 42 of this Complaint, as though fully set forth herein.

68.     As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

69.     Plaintiff engaged in protected activity under the ADEA by opposing the workplace practice of younger employees being allowed to smoke vape and electronic cigarettes on company property.

70.     Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating his employment.

71.     Defendant's actions were willful and done with malice.

72.     In terminating his employment, Defendant took material adverse action against Plaintiff.

73.     Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of the ADEA;

d)      Compensation for lost wages, benefits, and other remuneration;

15

e)    Reinstatement of Plaintiff to a position comparable to his prior

position with back pay, or in the alternative, front pay;

f)    Liquidated damages in an amount equal to Plaintiff's total damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims;

and

i)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of June, 2026.

Respectfully submitted,


*s/ Amanda Heystek*
**AMANDA E. HEYSTEK**
Florida Bar Number: 285020
**KAITLIN R. FRERICH**
Florida Bar Number: 1048742
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2560
Facsimile No.: 813-229-8712
Email: aheystek@wfclaw.com
Email: kfrerich@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Plaintiff***